# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:11-81 |
| ) | |
| SUPERINTENDENT, M. WENEROWICZ; ) | Magistrate Judge Cynthia Reed Eddy |
| and THE ATTORNEY GENERAL OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

### II. REPORT

Petitioner, Lamont Harris, a state prisoner currently incarcerated at the State Correctional Institution in Graterford, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

#### A. Relevant Facts and Procedural History

On March 7, 1984, following his guilty pleas to six counts of robbery, Petitioner was sentenced by the Honorable Henry R. Smith of the Common Pleas Court of Allegheny County to an aggregate sentence was not less than six (6) nor more than eighteen (18) years. The controlling minimum date for that sentence was April 17, 1989 and the controlling maximum date was February 17, 2003 (ECF No. 11-2, p. 6).

On June 23, 1993, Petitioner was released from custody on parole by the Pennsylvania Board of Probation and Parole and thereafter committed new crimes while on parole. After pleading guilty to the new criminal charges, on February 7, 1994, in the Court of Common Pleas of Allegheny County, the Honorable Paul F. Lutty, Jr. sentenced Petitioner to three concurrent terms of not less than two and one half (2½) to not more than ten (10) years' incarceration. Because Petitioner was a convicted parole violator, his new ("Lutty") sentence could not be served until he completed serving his original ("Smith") sentence. Consequently, his "Lutty" sentence did not commence to run until April 10, 2003 and the controlling minimum date for that sentence was October 10, 2005 with a maximum date of April 10, 2013.

In his federal habeas Petition, Petitioner claims that he is being illegally detained by the DOC due to a miscalculation of the Lutty sentence. Specifically, he claims that the effective date of the Lutty sentence was August 5, 1993 and, therefore, it expired as of August 5, 2003. Petitioner presented the same claim to the Commonwealth Court of Pennsylvania in a Petition for Review in the Nature of Mandamus, which he filed on October 28, 2010.

### B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether equitable tolling should be applied.

A petitioner must file a habeas petition within one year of learning the vital facts necessary to make out his or her claim. McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007). In order to determine the factual predicate of the claim or claims presented for purposes of applying the limitations period, the Court must identify Petitioner's claim. In the instant action,

it appears that Petitioner is challenging the calculation and timing of service of his Lutty sentence. To this end, Petitioner claims that on August 5, 2003, he informed the Court that neither the DOC nor the Board was conforming to Judge Lutty's sentencing orders. Accordingly, by his own admission, Petitioner became aware of the vital facts necessary to make out his claim concerning the calculation and timing of the Lutty sentence as of August 5, 2003. Thus, he had one year from that date, *i.e.*, until August 5, 2004, to file his federal habeas petition.

In the case at bar, however, Petitioner did not file his federal Habeas Corpus Petition by August 5, 2004. Instead, his federal habeas corpus petition was not filed in this Court until January 18, 2011, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the statutory tolling provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner filed his Petition for Mandamus in the Commonwealth Court on October 28, 2010. This date is over four years beyond the expiration of his one-year limitations period. Thus, Petitioner is not entitled to statutory tolling because his limitations period had already expired when he filed his Petition in the Commonwealth Court on October 28, 2010. *See* Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (holding that petitioner's untimely state habeas petition did not toll one-year limitations period for filing federal habeas petition); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004). Therefore, his one-year limitations period expired on August 5, 2004.

Notwithstanding, AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled. Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010). Nevertheless, courts must be sparing in their use of equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562–2563 (internal quotation marks and citation omitted). This conjunctive standard requires showing both elements before tolling is permitted. Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id.*

In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, it is recommended that the Petition be dismissed as untimely.

## C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining

whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: June 14, 2012

Cynthia Reed Eddy
United States Magistrate Judge

Lamont Harris
GF8410
PO Box 246
Graterford, PA 19426